IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LEAANN SCOTT, an individual,

    Plaintiff,

v.

THE COLORADO HEALTH FOUNDATION D/B/A P/SL PRESBYTERIAN/ST. LUKE'S MEDICAL CENTER, INC., a Colorado nonprofit corporation,

    Defendant.

_____

**COMPLAINT WITH REQUEST FOR JURY TRIAL**
_____

COMES NOW, the Plaintiff, LeaAnn Scott, by and through her attorney, Thomas H. Mitchiner, of Mitchiner Law, LLC and Steven L. Murray of Murray Law, LLC, and submits her Complaint and Request for Jury Trial against Defendant, The Colorado Health Foundation d/b/a P/SL Presbyterian/St. Luke's Medical Center, Inc.

### Nature of the Case

This is an employment discrimination case arising from the discriminatory treatment of LeaAnn Scott [Scott] a White/Asian female over forty years old, by her employer, The Colorado Health Foundation d/b/a P/SL Presbyterian/St. Luke's Medical Center, Inc. [PSL]. The discriminatory practices, based on Scott's age, include, but are not limited to discriminating against Scott concerning the terms and conditions of her employment, the benefits of her employment, and constructively discharged her. Scott also asserts a hostile

1

work environment claim against PSL based on her age.

The discriminatory actions violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. al.* [ADEA]

### Jurisdiction and Venue

1. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331.

2. This is an action authorized and instituted pursuant to the ADEA.

3. The claims in issue arose in the State of Colorado.

4. All claims arose in the Judicial District of this Court. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (c).

### Parties

5. Plaintiff, LeaAnn Scott [Scott], is a female over the age of forty, is a resident of the State of Colorado.

6. Defendant, The Colorado Health Foundation d/b/a P/SL Presbyterian/St. Luke's Medical Center, Inc. [PSL], is a Colorado nonprofit company registered with the Colorado Secretary of State to do business in Colorado.

7. PSL is a hospital.

8. Scott is an employee under the ADEA.

9. PSL is an employer under the ADEA.

### ADMINISTRATIVE PROCEDURES

10. Prior to filing this action, Scott timely, properly and lawfully exhausted all

required administrative remedies.

11. Scott filed a timely charge of age discrimination and hostile work environment due to age, in violation of the ADEA, with the United States Equal Employment Opportunity Commission [EEOC]. [EEOC Charge No.: 541-2020-01799].

12. On February 2, 2021, the Buffalo, New York office of the EEOC issued a right to sue letter regarding Scott's ADEA charge. [Exhibit 1., EEOC Right to Sue].

13. Because the right to sue letter was issued out of the Buffalo, New York office Scott did not receive the right to sue until June 10, 2021. [Exhibit 2., EEOC Email Re: Right to Sue].

14. Scott has timely filed this Complaint because she has filed it within 90 days of her <u>receipt</u> of the right to sue letter.

## Background

15. Scott is a Registered Nurse [RN].

16. Scott has worked as a RN for twenty-four and a half years.

17. Prior to the events described in this Complaint Scott had previously worked for PSL.

18. Scott started working for PSL for the second time in June 2003.

19. Scott's last position for PSL was as a RN in the Transplant/Complex Surgery Unit [Unit]. The Unit was managed by a Unit Manager.

20. Scott mostly worked on the Unit in a leadership role since 2006 as a permanent charge nurse.

21. In 2006, Scott's Unit Manager promoted Scott to the position of Permanent

Charge Nurse.

22. In 2016, PSL created the Clinical Nurse Coordinator [CNC] position. Scott applied for the position and received it.

23. During her career on the Unit Scott has been managed by Kimberly Lozano, Jennifer Wheeling and Jordan Dwyer [neé Venteicher], among others.

24. When the Unit was without a Manager Scott acted as Interim Unit Manager.

25. Scott acted as Interim Manager on two separate occasions.

26. Scott never applied for or wanted the Manager position because she enjoyed her position as Permanent Charge Nurse, the CNC and as the Educator to new staff and graduates.

27. The most recent manager of the Unit was Jordan Dwyer [Dwyer].

28. Dwyer begin working on the Unit on or about April 22, 2018. Ms. Dwyer is a female who is under the age of 40 years old.

29. Scott worked as the Interim Unit Manager of the Unit prior to Dwyer being hired.

30. Because Scott had so much experience on the Unit when other departments, staff and doctors needed issues addressed they would bring the issues to Scott and not to Dwyer.

31. Dwyer did not appreciate that the employees would go to Scott and not to Dwyer.

32. Scott also worked with Tamara Rychok [Rychok]. Rychok is a female who is under the age of 40 years old.

33. Rychok was promoted to the CNC position in May of 2017.

34. Rychok has less experience than Scott as a nurse and in the CNC position.

35. Scott also worked with Dana Landa [Landa]. Landa worked as a Staff Nurse, Relief Charge Nurse, and Lead Preceptor.

36. Landa is a female under the age of 40 with less nursing experience and experience with the CNC position than Scott. Ms. Landa had limited leadership experience; in the past she had only worked as the relief charge nurse.

37. Before Dwyer becoming the Unit Manager, Scott primarily received fours or fives out of a scale of five on her performance review.

38. Dwyer rated Ms. Scott as a 4 early in 2018.

39. Dwyer started to target Scott in the summer of 2018.

40. On July 31, 2018, Dwyer gave Scott her first a verbal warning.

41. The warning concerned language allegedly used by Scott in the 2018 review, and her failure to uphold PSL's values in an email to Rychok about scheduling.

42. On March 25, 2019, Dwyer gave Scott a written warning. The written warning concerned Scotts alleged failure to be available when at work, leaving meetings early and failing to establish the schedules for the new hires.

43. In addition to the written warning Dwyer also placed Scott on a performance improvement plan [PIP].

44. In July of 2019, Dwyer informed the current CNC's that Healthone, PSL's parent company, was restructuring the CNC position for all Denver Hospitals and that all current CNCs would be required to reapply for the position.

45. Scott later found out that the nurses on the Medical Telemetry Unit at PSL had

restructured the CNC position in January of 2019 and they would not be required to reinterview for the CNC positions.

46. In August of 2019 Scott reapplied and reinterviewed for the CNC position.

47. The interviewers had recommended that the interviewees bring with them to the interview anything to support their experiences like a Nursing Portfolio or Letters of Recommendations.

48. On or about August 27, 2019, Dwyer informed Scott that she was not selected for the position, a position she had performed successfully for the past three and a half years.

49. Dwyer selected Rychok and Landa for the position, individuals under the age of 40, with less experience and qualifications than Scott.

50. Dwyer hired both Rychok and Landa despite the fact that neither had a complete and comprehensive professional nursing portfolio.

51. Scott was demoted to a Staff RN position and was also given a reduction in salary.

52. Dwyer informed Scott that one reason why she was not selected is because Dwyer felt she had difficulty in relating to new graduates.

53. Scott believed that this comment was directed at her age; essentially Dwyer told Scott that she was too old to relate to new graduates.

54. In October 2019, Scott interviewed for a new position with at the Medical Center of Aurora.

55. Scott was selected for the position, the same day, however; Dwyer would not recommend that Scott be transferred due to her previous corrective action.

56. Dwyer made this recommendation, despite the fact that Scott had completed the corrective action and PIP on September 25, 2019, and according to PSL rules was allowed to transfer.

57. Scott did not get the position, because of Dwyer's actions.

58. Rychok did the scheduling for the Unit.

59. Rychok would purposely place, younger, less experienced RN's to be a Relief Charge Nurse instead of Scott.

60. Rychok regularly took months to approve Scott's requests for vacation time but would immediately grant the requests of other staff members.

61. In August 2019, Scott submitted her requested days off for November and December of 2019.

62. Dwyer and Rychok immediately denied her request but did grant the request of a younger male coworker who submitted his request at the same time Scott.

63. This caused Scott extreme hardship, in that she could not plan her requested time off ahead of time.

64. Scott submitted her letter of resignation on December 19, 2019.

65. Scott worked her next shift on December 21, 2019.

66. On December 23, 2019, Dwyer called Scott and left a voicemail telling Scott that Scott did not need to work on the Unit.

67. Scott did not work her last 5 shifts on the Unit but was paid for that time.

68. On January 2, 2020, Scott was constructively discharged.

**First Claim for Relief**
(Age Discrimination – Demotion – 29 U.S.C. § 623)

69. The foregoing allegations are realleged and incorporated by reference.

70. At all times in issue, Scott performed her duties in a satisfactory manner.

71. At all times in issue, Scott did not engage in any conduct warranting the discriminatory adverse actions described herein.

72. PSL discriminated against Scott because of her age by intentionally depriving Ball of her right to be free from age discrimination in the performance, enjoyment, continuation, rights, benefits, and privileges of her employment relationship with the PSL, in violation of 29 U.S.C. § 621.

73. PSL discriminated against Scott because of her age: (a) with respect to her compensation, terms, conditions, or privileges of employment; and/or (b) by limiting, segregating, or classifying Scott in a way, which deprived, or tended to deprive, Scott of employment opportunities, or otherwise adversely affect her status as an employee.

74. PSL engaged in continual, increasing, and intentional age discrimination in taking adverse unlawful employment practices against Scott because of her age.

75. Specifically, PSL demoted Scott to a Staff RN position from the CNC position and decreased her pay.

76. PSL demoted Scott and placed two individuals not of Scott's protected status in the position, who also have less experience than Scott.

77. PSL treated Scott differently than similarly situated employees because of her age with respect to the terms and conditions of her employment.

78. PSL acted willfully, with malice or reckless indifference to the rights of Scott.

**Second Claim for Relief**
(Age Discrimination – Failure to Promote – 29 U.S.C. § 623)

79. The foregoing allegations are realleged and incorporated by reference.

80. Scott held the CNC position on the Unit from February 2016 through July 2019.

81. In July 2018, PSL announced it was restructuring the CNC position, and all current CNCs would need to reapply for the position.

82. PSl conducted interviews for the position in early August 2020.

83. PSL requested that people applying for an interviewing for the CNC position bring certain documents with them such as a comprehensive nursing portfolio.

84. Scott, an employee over 40 years old, Rychok and Landa, employees under 40 years old applied for the CNC position.

85. Scott brought with her to the interview a comprehensive nursing portfolio with accomplishments and achievements over her 19-year career. In addition, Scott brought letters of recommendations from physicians and her peers.

86. Rychok and Landa did not bring to the interview a comprehensive nursing portfolio.

87. Scott had more experience as a Staff Nurse, as a Charge Nurse and as a CNC than both Rychok and Landa

88. Dwyer hired Rychok and Landa to work as the CNC's but demoted Scott to an RN Position.

89. Scott also received a reduction in pay.

90. Scott was qualified for the position.

91. Dwyer, Scott's Manager, informed Scott Dwyer did not rehire her for the CNC position because Dwyer thought Scott would have a hard time relating to the new graduates.

92. Scott took this to mean that Dwyer believed that Scott was too old to relate to new graduates which are typically under the age of 40.

93. As such, PSL acted willfully, with malice or reckless indifference to the rights of Scott.

### Third Claim for Relief
(Age Discrimination – Failure to Transfer – 29 U.S.C. § 623)

94. The foregoing allegations are realleged and incorporated by reference.

95. After not receiving the CNC position and continuing to experience age-based harassment Scott applied to transfer to positions outside of PSL.

96. In October 2019, Scott applied for a Staff RN position with The Medical Center of Aurora, PSL's sister hospital.

97. The Medical Center of Aurora offered her the position.

98. Scott ultimately did not get the position because Dwyer refused to recommend Scott for the RN position. According to Dwyer, Scott could not transfer because she was on a PIP.

99. The facts that formed the basis of Scotts PIP stem from Dwyers ageism.

100. Moreover, Scott's PIP ended on September 25, 2019, and Dwyer could have

recommended her for the transfer.

101. PSL and Dwyer prevented Scott from transferring to the new position because of Scott's age.

102. As such, PSL acted willfully, with malice or reckless indifference to the rights of Scott.

## Fourth Claim for Relief
(Age Discrimination – Hostile Work Environment)

103. The foregoing allegations are realleged and incorporated by reference.

104. The ADEA prohibits age discrimination and harassment in the form of a hostile work environment, based on age. 29 U.S.C. § 2623.

105. PSL, in consideration of all the facts, in a cumulative manner, intentionally created, tolerated, and perpetuated a hostile and abusive work environment, based upon age, against Scott.

106. PSL's conduct and comments directed at Scott subjected her to materially adverse conduct which was unwelcome and offensive.

107. PSL's conduct and comments directed at Scott subjected her to materially adverse conduct which: (1) was sufficiently severe and/or pervasive as to adversely alter the terms, conditions, and privileges of Scott's employment; (2) created an abusive working environment for Scott, involving discriminatory intimidation, ridicule, and insult, causing her emotional and/or physical harm; and (3) was age based in nature, and/or specifically and solely directed at Scott, because of her age.

108. PSL condoned the age harassment and hostile environment of Scott by refusing to permit Scott to transfer to another position, thereby effectively discharging Scott's from employment.

109. PSL is liable for subjecting Scott to the racially hostile work environment claim because Dwyer was Scott's supervisor and she engaged in the harassment, and PSL, a condoned the harassment by refusing to protect Scott's employment, and the harassment resulted in Scott's adverse tangible employment action, an involuntary separation from employment.

110. In addition to, or in the alternative to the contention in the above paragraph, or in the alternative, PSL is liable for subjecting Ostrom to the age based hostile work environment claim because Dwyer, Scott's supervisor, was the harasser as described in the above paragraph, and the action did not result in a tangible employment action.

111. In addition to, or in the alternative to the contentions in the above two paragraphs, or in the alternative, PSL is liable for subjecting Scott to the age based hostile work environment claim because Scott was subjected to age based harassment by co-workers and PSL's supervisors and managers knew or should have known of all the materially adverse conduct in issue.

112. PSL failed to: (1) stop the materially adverse conduct in issue; and (2) implement reasonably prompt and appropriate corrective action.

113. Each successive episode of PSL's cumulative conduct against Scott, constituting the hostile work environment, had its predecessors, and the impact of the

separate incidents accumulated such that the unlawful work environment created, exceeded the sum of any individual episode.

114.    PSL's treatment of Scott constitutes: (1) an intentional, unlawful, hostile work environment, based on age, in violation of 29 U.S.C. § 623; and (2) intentional, unlawful discriminatory practices in violation of 42 U.S.C. Section 1981a (a) (1), (b) (2) (3), (d) (1) (2).

### **Request for Relief**

WHEREFORE, Plaintiffs, LeaAnn Scott, respectfully prays for a judgment to be entered against the The Colorado Health Foundation d/b/a P/SL Presbyterian/St. Luke's Medical Center, Inc. as follows:

A.    Against the The Colorado Health Foundation d/b/a P/SL Presbyterian/St. Luke's Medical Center, Inc. for back pay, loss of benefits, and all economic benefits associated with Scott's employment, under 29, U.S.C. § 621 *et. al.*, as allowed by law;

B.    Against the The Colorado Health Foundation d/b/a P/SL Presbyterian/St. Luke's Medical Center, Inc. for front pay under 29, U.S.C. § 621 *et. al.*, as allowed by law;

C.    Against the The Colorado Health Foundation d/b/a P/SL Presbyterian/St. Luke's Medical Center, Inc. for attorney fees and costs available to Ball, under 29, U.S.C. § 621 *et. al.*, as allowed by law;

D.    Costs, as allowed by law; and

E.    To award Scott all other legal and equitable relief, to which Scott is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## **JURY TRIAL REQUEST**

Pursuant to Fed. R. Civ. P. 38 (a) (b) (c), and all applicable laws providing for a right to trial by jury, Scott seeks a jury trial of all claims and issues in this action.

Respectfully submitted on 7 September 2021 by:

| | |
|---|---|
| Mitchiner Law, LLC | Murray Law, LLC |
| /s/ Thomas H. Mitchiner | /s/ Steven Murray |
| Thomas H. Mitchiner | Steven Murray |
| Mitchiner Law, LLC | Murray Law, LLC |
| 1240 S. Parker Rd. Suite 103 | 1888 N. Sherman St., Ste 200 |
| Denver, CO 80231 | Denver, CO 80203 |
| Phone: 720-538-0371 | Phone: 303-396-9952 |
| E-mail: tmitchiner@mitchinerlawllc.com | E-mail: steven@smurraylaw.com |

Attorney for Plaintiff LeaAnn Scott

Address of Plaintiff:

7360 Serena Dr. Castle Pines, CO 80108